**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| YAKOV G. DRABOVSKIY | : | Civil Action No. PJM-06-2317 |
| Petitioner | : | |
| v. | : | |
| K.M. WHITS, et al. | : | |
| Respondents | : | |

oo0Ooo
**MEMORANDUM OPINION**

Pending are a pro se Petition for Writ of Habeas Corpus and a motion for leave to proceed in forma pauperis filed on September 9, 2006, by Yakov G. Drabovskiy, an inmate at the Manchester Federal Correctional Institution, challenging his conviction and sentence for conspiracy to distribute controlled substances in the United States District Court for the Eastern District of Kentucky.[1] *See United States v. Cohn*, *et al.* Criminal Action 7:01-42 (E. D. KY). The Court will grant the Motion to Proceed in Forma Pauperis and dismiss the Petition without prejudice for lack of jurisdiction.

A 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct must be filed in the court that imposed the challenged judgment and sentence.[2] In this case, the appropriate court to consider this

---

[1] There is no record that Drabovskiy has ever been convicted and sentenced in the United States District Court for the District of Maryland. He has no criminal matters pending before this Court. Drabovskiy does not state in the Petition why he may believe jurisdiction is appropriate in Maryland federal district court.

   Electronic court records on the Pacer system indicate that Drabovskiy has a direct appeal pending. On January 21, 2005, the United States District Court for the Eastern District of Kentucky dismissed Drabovskiy's 28 U.S.C. §2255 motion without prejudice to refiling in the event his appeal proves unsuccessful. A one-year period of limitations applies to §2255 motions. *See* 28 U.S.C. §2255.

[2] 28 U.S.C. §2255 provides:
   A prisoner in custody under sentence of a court established by Act of Congress

pleading is the United States District Court for the Eastern District of Kentucky.

To the extent Drabovskiy intends to challenge the execution of his sentence by way of a 28 U.S.C. § 2241 petition for habeas corpus relief, he must file his motion in the United States District Court where he is in custody. *See* 28 U.S.C. §2241 (a) (providing that courts may grant a writ of habeas corpus "within their respective jurisdictions"); *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 495-500 (1973). Drabovskiy is in the custody of the Warden of the Manchester Federal Correctional Institution. That facility is located within the judicial district of the United States District Court for the Eastern District of Kentucky. An order consistent with this Memorandum Opinion follows.

DATE: 9/18/06

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

claiming the right to be released upon the ground that the sentence was imposed in A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.